## LaSpina *v.* LaSpina, Appellant.

Argued November 18, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Joseph L. Fox,* for appellant.

*William Ginsburg,* for appellee.

PER CURIAM, January 28, 1943:
On December 28, 1937, Rosario LaSpina filed his

libel in divorce, charging that on April 5, 1936 his wife wilfully, maliciously and without reasonable cause deserted him. On June 9, 1941, by an amended libel, the date of the alleged desertion was changed to April 26, 1936.

The desertion was admitted. Respondent attempted to justify it by a countercharge of cruel and barbarous treatment and indignities to the person. The case was tried on the latter issues with respondent having the burden of proof. *Lyons v. Lyons,* 116 Pa. Superior Ct. 385, 176 A. 792; *Doemling v. Doemling,* 118 Pa. Superior Ct. 426, 179 A. 813.

The master carefully reviewed the testimony which comprised nearly nine-hundred pages, and recommended that the divorce be granted. The court of common pleas adopted the recommendation and entered a final decree A. V. M. Respondent appeals.

Since our independent examination of the evidence convinces us, as it did the court below, that the master correctly and fairly analyzed the evidence it will serve no useful purpose, as far as the parties are concerned, to repeat it in detail here; in our opinion, it would serve no useful purpose to anyone. It is sufficient to say the weight of the credible evidence was with libellant.

And we agree with the lower court that respondent's offer of reconciliation was not made in good faith. It was made two days before the expiration of the two-year period, which was some time after the libel had been filed and after respondent had libellant arrested for adultery. And respondent had previously spurned several offers made by libellant, some of which were made through third persons, but one of which was made by libellant himself.

The decree is affirmed, costs to be paid by appellant.